United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10891
Summary Calendar
_____

CATHY BAXTER

Plaintiff - Appellant

v.

MINNESOTA MINING AND MANUFACTURING COMPANY

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 6:02-CV-49-C
--------------------

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Cathy Baxter appeals from the district court's grant of Defendant-Appellee Minnesota Mining and Manufacturing Company's (3M's) motion for summary judgment. The district court found that Baxter's claims were barred as a matter of law because she neither filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) nor justified adequately her request for equitable tolling of the filing period. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Baxter contends that 3M unlawfully terminated her employment on March 8, 2001, because her supervisors incorrectly regarded her as disabled and unable to perform her job duties. Believing that she had been subjected to discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. (2000), Baxter immediately sought recourse from the EEOC. She claims that EEOC staff initially told her that she did not appear disabled and suggested that she file a charge on the basis of sex discrimination, which she did. After receiving advice from an attorney, Baxter filed an intake questionnaire with the Texas Commission on Human Rights (TCHR) on November 27, 2001, in which she alleged that she had been terminated by 3M because her supervisors improperly regarded her as disabled. Much later, on January 8, 2002--306 days after her termination--Baxter filed a second complaint with the EEOC, which also alleged disability discrimination.

After the EEOC processed her charges, Baxter brought an ADA claim for disability discrimination against 3M in federal district court. 3M moved for summary judgment, claiming that Baxter failed to file her disability-discrimination charge with the EEOC within the applicable 300-day limitations period. See 42 U.S.C. § 12117 (2000); Ramirez v. City of San Antonio, 312 F.3d 178, 181 (5th Cir. 2002) ("Under the ADA, a plaintiff must file a charge of discrimination within 300 days of the alleged discriminatory act."). In her opposition to summary judgment,

Baxter presented two arguments in favor of equitably tolling the limitations period. First, Baxter claimed that equitable tolling was appropriate because she was initially misled by the EEOC into believing that she did not have a valid disability-discrimination complaint. Second, Baxter asserted that the TCHR unreasonably failed to forward her intake questionnaire to the EEOC before the 300-day limitations period had expired. The district court rejected Baxter's tolling request, however, after noting that Baxter had received advice from her attorney regarding both the 300-day limitations period for filing EEOC charges and the possibility that she had a valid disability discrimination claim on November 2, 2001––fully two months before the limitations period expired.

Baxter does not reassert either of her equitable tolling arguments on appeal. Instead, she contends that the district court erred when it found that her EEOC charge was untimely. According to Baxter, her EEOC charge of January 8, 2002, should relate back to November 17, 2001––the date on which she filled out the TCHR's intake questionnaire. Baxter notes that the EEOC and the TCHR have entered into a worksharing agreement, under which the EEOC has designated the TCHR as its agent for purposes of receiving charges of employment discrimination. Thus, Baxter argues that the district court should have held that the TCHR questionnaire was dually filed with both the TCHR and the EEOC on November 17, 2001.

But because Baxter did not present this argument to the district court in the first instance, "we will not address it on appeal." See FDIC v. Mijalis, 15 F.3d 1314, 1327 (5th Cir. 1994). In her opposition to summary judgment, Baxter failed to cite any cases to the district court that might reasonably be construed as holding either that the TCHR has the authority to accept employment discrimination charges on the EEOC's behalf or that charges filed with the TCHR are automatically deemed to be filed with the EEOC. In addition, Baxter did not apprise the district court of the EEOC-TCHR worksharing agreement, on which her timeliness claim depends. Baxter's only related position before the district court––that the TCHR unreasonably delayed notifying the EEOC of her discrimination complaint––was presented as an argument in favor of equitable tolling and not as basis upon which the court could find that her EEOC charge was timely filed. We therefore conclude that Baxter waived this issue by failing to raise it below. See Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 990 n.11 (5th Cir. 2001) ("As a general rule, arguments and evidence not presented in the district court in connection with a summary judgment motion are waived on appeal and the appellate court will be unable to consider these materials in its review of the district court's decision." (quoting 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 56.41[3][c] (3d ed. 1997))).

Because we affirm the district court's conclusion that Baxter did not file a timely EEOC charge, we need not discuss her other arguments on appeal. Accordingly, we AFFIRM the judgment of the district court.